UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAVEL LIFCHITS, | * |
|       Plaintiff, | * |
| v. | *  C.A. No. 18-12637-ADB |
| INTEGON NATIONAL INSURANCE CO., et al., | * |
|       Defendants. | * |

MEMORANDUM AND ORDER

BURROUGHS, D.J.

For the reasons set forth below, the Court (1) grants the plaintiff's motion for leave to proceed *in forma pauperis*; (2) denies the plaintiff's motion for time to serve summons; and (3) directs the plaintiff to show cause why this action should not be dismissed for lack of subject matter jurisdiction.

I.  **BACKGROUND**

On December 26, 2018, *pro se* plaintiff Pavel Lifchits of Framingham, Massachusetts, filed a complaint for damages arising out of an April 9, 2018 car accident with a school bus in Queens, New York. *See* Complaint ("Compl."), Dkt. No. 1. For relief, plaintiff seeks "compensation" of $82,500.00. *Id.* at ¶ IV (relief). Named as defendants are the school bus owner, Key 4U Transportation Corp. ("Key 4U") of New York, and its insurer, Integon National Insurance Company ("Integon") of North Carolina *Id.* at ¶ I(B) (the defendants).

As an initial matter, the Court's records indicate that the plaintiff filed a virtually identical complaint on June 27, 2018. *See Lifchits v. Integon Nat'l Ins. Co., et al.*, 18-11348-RGS. By Electronic Order dated November 30, 2018, the defendants' motions to dismiss were

allowed because the threshold of $75,000 for diversity jurisdiction was not plausibly alleged. *Id.* Lifchits has now refiled the same claim with a change in the relief requested. In addition to seeking $4,500 for the amount of property damage sustained to his vehicle, he now seeks an additional $78,000, purportedly for litigation expenses. *See* Compl. at ¶ IV (relief).

On February 4, 2019, Lifchits filed a motion seeking additional time to serve the summons on the defendants. *See* Dkt. No. 5.

## II.   IN FORMA PAUPERIS

Upon review of Lifchits motion for leave to proceed *in forma pauperis*, the Court concludes that he is without income or assets to pay the $400.00 filing fee. The motion is therefore granted.

## III.   SCREENING OF THE ACTION

When a plaintiff seeks to file a complaint without prepayment of the filing fee, summonses do not issue until the Court reviews the complaint and determines that it satisfies the substantive requirements of 28 U.S.C. § 1915. Section 1915 authorizes federal courts to dismiss a complaint if the claims therein lack an arguable basis in law or in fact, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2).

In addition to screening, the Court has an independent obligation to inquire, *sua sponte*, into its subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *McCulloch v. Velez*, 364 F.3d 1, 5 (1st Cir. 2004). It is long-settled that "[t]he party invoking federal jurisdiction has the burden of establishing that the court has subject matter jurisdiction over the case." *Amoche v. Guar. Trust Life Ins. Co.*, 556 F.3d 41, 48 (1st Cir. 2009) (citing cases).

In conducting this review, the Court liberally construes the complaint because the plaintiff is proceeding *pro se*. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Rodi v. New Eng. Sch. of Law*, 389 F.3d 5, 13 (1st Cir. 2004). However, as set forth below, plaintiff's allegations are insufficient to establish diversity jurisdiction.

IV.   **DISCUSSION**

District courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different states." 28 U.S.C. § 1332(a)(1). Given the fact that the parties in this action are each a citizen of a different state, complete diversity of citizenship is present.

With respect to the amount in controversy requirement for diversity jurisdiction, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938). "[A] court can dismiss an action for insufficiency of the amount in controversy only when, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff was never entitled to recover a sum equal to, or in excess of, the jurisdictional minimum." *Esquilin-Mendoza v. Don King Productions, Inc.*, 638 F.3d 1, 4 (1st Cir. 2011) (citations omitted).

As a general matter, 28 U.S.C. § 1332(a) stipulates that the amount in controversy exceed $75,000.00 "exclusive of interests and costs." Typically, attorneys' fees constitute exactly the sort of "costs" precluded by section 1332(a). Attorneys' fees are not considered a part of the amount in controversy because the successful party does not typically collect his attorneys' fees. *Department of Recreation v. World Boxing Ass'n*, 942 F.2d 84, 89 (1st Cir.1991); *Velez v. Crown Life Ins. Co.*, 599 F.2d 471, 474 (1st Cir. 1979). However, when attorneys' fees are provided by contract or a statute mandates or allows payment of such fees, attorneys' fees are considered part

3

of the amount in controversy for jurisdictional purposes. *Department of Recreation*, 942 F.2d at 89; *see also Spielman v. Genzyme Corp.*, 251 F.3d 1, 7 (1st Cir. 2001) (attorneys' fees are not excluded from the amount-in-controversy determination "when the fees are provided for by contract, and when a statute mandates or allows payment of the fees.").

In the complaint, plaintiff simply alleges that the compensation sought includes "expense for the court's litigations." Plaintiff does not allege that he has incurred, or expects to incur, attorneys' fees related to this federal action, and if so, that such fees are based in law (on contract or statutory language). The Court must be provided with all necessary facts to support a finding that the matter in controversy exceeds $75,000, exclusive of interest and costs. Here, it appears the amount in controversy is no more than $4,500, the amount of property damage incurred to plaintiff's vehicle. As a result, this Court does not have jurisdiction over plaintiff's claims.

Because "[d]efective allegations of jurisdiction may be amended," *see* 28 U.S.C. § 1653, the Court will allow plaintiff to show cause why this action should not be dismissed for lack of subject matter jurisdiction. This provision allows courts to "remedy inadequate jurisdictional allegations, but not defective jurisdictional facts." *Newman–Green, Inc. v. Alfonzo–Larrain*, 490 U.S. 826, 832 (1989). If, upon review of plaintiff's response, the Court finds that the matter in controversy exceeds $75,000, exclusive of interest in and costs, the action may proceed. Alternatively, if there is an absence of subject matter jurisdiction, the Court will dismiss the action without prejudice to plaintiff's filing, if so advised, in an appropriate state jurisdiction.

## V.    CONCLUSION

Accordingly:

1. The motion for leave to proceed *in forma pauperis* [Dkt. No. 2] is GRANTED.
2. The motion for time to serve summons [Dkt. No. 5] is DENIED.

3. The plaintiff must, within twenty-one days of the date of this order, show cause in writing why this action should not be dismissed for the reasons stated above. Failure to do so will result in dismissal of the action. The show cause response may be in the form of an amended complaint or legal memorandum.

**SO ORDERED.**

February 5, 2019

/s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE