UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- x
PAVEL LIFCHITS,                                              :
                                                            :
                          Plaintiff,                        :
                                                            :        MEMORANDUM &
          -against-                                         :        ORDER
                                                            :
KEY 4U TRANSPORTATION CORP. BUS.,                           :        No. 20-CV-03749-JRC
                                                            :
                          Defendant.                        :
                                                            :
                                                            :
----------------------------------------------------------------- x

JAMES R. CHO, United States Magistrate Judge:

On December 26, 2018, *pro se* plaintiff Pavel Lifchits ("plaintiff" or "Lifchits")

commenced this action in the District of Massachusetts against Integon National Insurance Co.

("Integon")[1] and Key 4U Transportation Corp. Bus. ("Key 4U"), which is now pending before

this Court with the consent of the parties. *See* Compl., Dkt. 1. Plaintiff seeks damages arising

out of an automobile accident involving plaintiff's vehicle and a school bus operated by Key 4U,

and insured by Integon, including economic damages for damage to his vehicle and non-

economic damages for his "loss of health." Am. Compl., Dkt. 24 at ECF page 5.[2]

On January 30, 2023, plaintiff moved for an order granting him summary judgment. *See*

Plaintiff's Pavel Lifchits Dispositive Motion ("Pl. Mot."), Dkt. 110. Defendant Key 4U opposes

plaintiff's motion, and on January 31, 2023, Key 4U cross-moved for summary judgment. *See*

---

[1] On August 17, 2020, United States District Judge Allison D. Burroughs of the District of Massachusetts granted Integon's motion to dismiss and transferred the action to this District. *See* Memorandum and Order dated August 17, 2020, Dkt. 59.

[2] Cites to "ECF page" refer to the page number assigned by the Electronic Case Filing ("ECF") system.

Defendant Key4U Transportation Corp.'s Amended Motion for Summary Judgment ("Def. Mot."), Dkt. 111.  For the reasons set forth below, this Court denies without prejudice defendant's motion for summary judgment and denies without prejudice plaintiff's motion, with leave to re-file in accordance with the Court's Local Rules.

## Discussion

Local Civil Rule 56.2 of this Court provides that "[a]ny represented party moving for summary judgment against a party proceeding *pro se* shall serve and file as a separate document, together with the papers in support of the motion . . . [a] 'Notice to Pro Se Litigant Who Opposes a Motion for Summary Judgment' with the full texts of [Federal Rule of Civil Procedure] 56 and Local Civil Rule 56.1 attached."  E.D.N.Y. Local Civil Rule 56.2.  The notice required by Local Rule "advises the pro se litigant of the possibility that the complaint may be dismissed and informs the litigant that he or she must submit evidence countering the facts asserted by the defendant and raising issues of fact for trial."  *Etere v. Nassau Cnty.*, No. 17-CV-3113, 2023 WL 5881186, at *1 (E.D.N.Y. Sept. 11, 2023) (internal quotation marks and citation omitted).   "The purpose of this rule is to ensure that a party acting *pro se* 'understands its burden in responding to a motion for summary judgment, and the consequences of failing to do so.'"  *White v. Roosevelt Union Sch. Dist. Bd. of Educ.*, No. 15-CV-1035, 2023 WL 4420117, at *1 (E.D.N.Y. July 10, 2023) (quoting *Rivera v. Goulart*, No. 15-CV-2197, 2018 WL 4609106, at *3 (S.D.N.Y. Sept. 25, 2018)).

"The failure to include a Rule 56.2 Statement with a motion for summary judgment is grounds for the denial of the motion if it is not otherwise clear from the record that the *pro se* litigant understood the nature of the summary judgment motion."  *White*, 2023 WL 4420117, at *1 (internal quotation marks and citation omitted); *see Vital v. Interfaith Med. Ctr.*, 168 F.3d

615, 620-21 (2d Cir. 1999).  However, "the Second Circuit has recognized exceptions to this

obligation when the moving party has provided the pro se litigant with the requisite notice

through other means, or when the pro se litigant responds to the summary judgment motion with

factual and legal submissions indicating that he understood the nature and consequences of

summary judgment and 'the need to set forth all available evidence demonstrating a genuine

dispute over material facts.'"  *Etere*, 2023 WL 5881186, at *2 (citing *Champion v. Artuz*, 76 F.3d

483, 486 (2d Cir. 1996); quoting *M.B. #11072-054 v. Reish*, 119 F.3d 230, 232 (2d Cir. 1997)).

Here, defendant failed to serve upon the *pro se* plaintiff the notice and attachments

required by Local Civil Rule 56.2.  Upon a review of the record, it is unclear whether plaintiff

understood the nature of a summary judgment motion or his burden in responding to such a

motion with admissible evidence to raise an issue of fact for trial.  That plaintiff submitted an

opposition to defendant's motion, and his own motion for summary judgment, does not establish

that he understood the consequences of a summary judgment motion or the requirements for a

successful response.  *See Sawyer v. Am. Fed'n of Gov't Emps., AFL-CIO*, 180 F.3d 31, 35 (2d

Cir. 1999) ("in the absence of explicit notice, the mere existence of a response does not

automatically give rise to the inference that a *pro se* litigant understood the nature of a summary

judgment motion").  Indeed, the only evidence plaintiff submitted was his own affidavit and that

of his wife.  *See* Dkt. 115 at ECF pages 7-8.  Accordingly, the Court cannot find, on this record,

that plaintiff understood that he could rely only on admissible evidence to counter the facts

asserted by defendant and raise issues of fact for trial.  *See Vital*, 168 F.3d at 621 (finding that

where *pro se* non-movant submitted a one-paragraph response, attaching one exhibit, it could not

be determined whether *pro se* party "knew that he was required to present counter-affidavits or

other documentary evidence"); *White*, 2023 WL 4420117, at *3 ("much of the evidence upon

which Plaintiff relied is either inadmissible or is not presented in an admissible format").

Defendant compounded its failure to comply with Rule 56.2 by also failing to submit a 56.1 statement, as required by the Local Civil Rules. *See Zobe v. Benash*, No. 08-CV-3937, 2011 WL 5921570, at *2 (S.D.N.Y. Nov. 22, 2011) (denying motion for summary judgment for failing to comply with Local Rules 56.1 and 56.2). Under Local Civil Rule 56.1, a party moving for summary judgment must annex to its notice of motion "a separate, short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried." Local Civil Rule 56.1(a). The rule further requires the party opposing the motion to "include a correspondingly numbered paragraph responding to each numbered paragraph in the statement of the moving party, and if necessary, additional paragraphs containing a separate, short and concise statement of additional material facts as to which it is contended that there exists a genuine issue to be tried." Local Civil Rule 56.1(b). Moreover, all statements made in a 56.1 statement "must be followed by citation to evidence which would be admissible." Local Civil Rule 56.1(d). "Each numbered paragraph in the statement of material facts set forth in the statement required to be served by the moving party will be deemed to be admitted for purposes of the motion unless specifically controverted by a correspondingly numbered paragraph in the statement required to be served by the opposing party." Local Civil Rule 56.1(c). Here, defendant's failure to serve a 56.1 statement, and plaintiff's corresponding failure to submit a statement of material facts, further calls into question plaintiff's understanding of his obligations in responding to defendant's motion. In any event, defendant's failure to file a 56.1 statement provides an additional ground for denying defendant's motion without prejudice. *See Paige-Bey v. Lacoste*, No. 13-CV-7300, 2020 WL 1643660, at *1 (E.D.N.Y. Mar. 31, 2020) (denying without prejudice defendant's summary

4

judgment motion against *pro se* plaintiff).  Likewise, plaintiff's failure to file a 56.1 statement of

undisputed facts in support of his motion for summary judgment warrants denial of plaintiff's

motion.  *See A'Gard v. Locke*, No. 9:14-CV-0613, 2016 WL 8735653, at *4 (N.D.N.Y. June 24,

2016) (recommending denial of *pro se* plaintiff's summary judgment motion because he did not

comply with local rule by including a Statement of Material Facts), *report and recommendation*

*adopted*, 2016 WL 5137273 (N.D.N.Y. Sept. 21, 2016).

Finally, throughout its motion papers, defendant inexplicably failed to reference the

correct legal standard applicable to a summary judgment motion filed in federal court.

Defendant consistently cited to only Rule 3212(a) of New York's Civil Procedure Law and Rules

("CPLR"), rather than Rule 56 of the Federal Rules of Civil Procedure.  *See* Dkts. 109, 111.

However, it is clear that Rule 56, rather than the CPLR, governs in this federal forum.  *See, e.g.,*

*Seixas v. Target Corp.*, No. 15-CV-03851, 2017 WL 2178425, at *2 (E.D.N.Y. May 16, 2017).

Defendant's failure to cite to the applicable legal standard further suggests that plaintiff may not

have properly understood the nature and consequences of responding to defendant's motion.

## Conclusion

For the reasons set forth above, defendant Key 4U Transportation's motion for summary

judgment and plaintiff's motion for summary judgment are denied without prejudice and with

leave to renew.  Any party moving for summary judgment shall serve and file the summary

judgment motion, including a proper Rule 56.1 Statement, on the other party by October 31,

2023. (Defendant shall include with its motion the notice to pro se litigant as required by Local

Civil Rule 56.2.)  The opposing party shall serve and file a response by December 5, 2023.

Replies, if any, shall be served and filed by December 29, 2023.  The Clerk of Court is

respectfully requested to mail a copy of this Memorandum and Order to the *pro se* plaintiff.

**SO ORDERED**

Dated: Brooklyn, New York
September 22, 2023

s/ James R. Cho
James R. Cho
United States Magistrate Judge