UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
PAVEL LIFCHITS,                                     :
                                                    :
                Plaintiff,      :
                                                    :          MEMORANDUM &
   -against-                                       :          ORDER
                                                    :
KEY 4U TRANSPORTATION CORP. BUS.,                   :          No. 20-CV-03749-JRC
                                                    :
                Defendant.      :
                                                    :
------------------------------------------------------------------- x

JAMES R. CHO, United States Magistrate Judge:

       Currently pending before the Court are two letter-motions filed by *pro se* plaintiff Pavel Lifchits ("plaintiff" or "Lifchits") in connection with this action arising out of an automobile accident.

Motion to Preclude, Dkt. 105

       In the first letter-motion, filed on December 2, 2022, plaintiff re-filed the same letter dated November 10, 2022 that he previously filed on November 21, 2022 (Dkt. 104), seeking to preclude the testimony of defendant's medical expert, Bradley Rieders, M.D., albeit this time, with an attachment he styled, "Plaintiff's Pavel Lifchits Memorandum in Support his Motion from November 10, 2022[.]" *See* Pl.'s Motion to Preclude, Dkt. 105. At a conference held before this Court on November 28, 2022, this Court denied plaintiff's motion to preclude with leave to renew in the event defendant sought to rely on the expert report in its motion for summary judgment. *See* minute entry dated November 28, 2022. Now, since defendant has demonstrated that it intends to rely on Dr. Rieders' report in seeking summary judgment, the Court addresses plaintiff's application on the merits.

       Plaintiff argues that Dr. Rieders' report "is a product of forgery" because he provided his

expert opinion based only on plaintiff's medical records and did not consider the initial stages of plaintiff's illness, before he sought medical attention. *See* Pl.'s Motion to Preclude, Dkt. 105 at ECF pages 1-3.[1] However, plaintiff's argument that Dr. Rieder's report relies on facts that are contradicted by the evidence goes to the weight, not the admissibility of Dr. Rieder's testimony. *See Bocoum v. Daimler Trucks N.A. LLC*, No. 17-CV-7636, 2022 WL 902465, at *15 (S.D.N.Y. Mar. 28, 2022) (finding that argument that expert's calculations and conclusions are inconsistent with evidence in the record goes to the weight, not admissibility of testimony); *I.M. v. United States*, 362 F. Supp. 3d 161, 194-95 (S.D.N.Y. 2019) ("the fact that Defendants' experts disagree with [plaintiff's expert's] conclusions does not render his testimony unreliable"). Indeed, where an expert sets forth the basis for his reasoning and relies on evidence that is specifically cited in the record, his proposed testimony will not be rejected as speculative or conclusory. *See, e.g., Bocoum*, 2022 WL 902465, at *15; *A.B. by Alverez v. United States*, No. 16-CV-2554, 2019 WL 10302175, at *19 (S.D.N.Y. Apr. 17, 2019). To the extent that plaintiff disputes the conclusions proffered by Dr. Rieders, it is ultimately the role of the fact-finder to determine the weight, if any, to give each expert's testimony, not the role of the court. *See Zerega Ave. Realty Corp. v. Hornbeck Offshore Transp., LLC*, 571 F.3d 206, 214 (2d Cir. 2009) ("contentions that the assumptions are unfounded go to the weight, not the admissibility, of the testimony") (internal quotation marks and citations omitted); *Bocoum*, 2022 WL 902465, at *15; *Bennett v. Target Corp.*, No. 16-CV-5816, 2018 WL 5784354, at *6 (E.D.N.Y. Nov. 5, 2018). Accordingly, plaintiff's motion to preclude Dr. Rieder's testimony is denied.

---

[1] Cites to "ECF page" refer to the page number assigned by the Electronic Case Filing ("ECF") system.

Motion for Subpoena, Dkt. 116

By letter-motion dated April 7, 2023, plaintiff requests that the Court "make a warrant for the Be'er Hagolah Institute . . . to issue addresses or telephone numbers" of eighteen non-party students who were riding on the school bus involved in the subject accident. *See* Pl.'s Motion for Disclosure, Dkt. 116. The Court treats plaintiff's request as an application for the issuance of a subpoena to Be'er Hagolah Institute to obtain contact information of the non-party students.

Plaintiff's application is denied for the following reasons. First, the discovery period has long since ended. *See Marsh USA, Inc. v. Millett*, No. 22-CV-6656, 2023 WL 5390436, at *1 (S.D.N.Y. Aug. 22, 2023) (quashing subpoena served after discovery was closed); *McKay v. Triborough Bridge and Tunnel Auth.*, No. 05-CV-8936, 2007 WL 3275918, at *2 (S.D.N.Y. Nov. 5, 2007) ("district courts have held that parties may not issue subpoenas as a means to engage in discovery after the discovery deadline has passed"). Indeed, at a conference held on November 28, 2022, the parties confirmed that discovery was complete. *See* Minute Entry dated November 28, 2022.

In addition, plaintiff has failed to comply with Rule 45 of the Federal Rules of Civil Procedure, which requires plaintiff to direct his request to the Clerk of Court. *See Richard v. New York City Department of Educ.*, No. 16-CV-957, 2022 WL 4273849, at *1 (E.D.N.Y. Sept. 15, 2022); *Hassan v. Town of Brookhaven*, No. 13-CV-4544, 2015 WL 3455108, at *4 (E.D.N.Y. May 29, 2015). Rule 45(a)(3) provides that the Clerk of the Court shall issue a signed but blank subpoena to the party requesting it, who is responsible for completing the subpoena for service. Plaintiff has neither requested that the Clerk issue a subpoena nor has he attached the subpoena to his application. *See Pietsch v. Police Officer Vito Marcantonio*, No. 13-CV-4696, 2016 WL 1069656, at *4 (E.D.N.Y. Mar. 16, 2016).

**Conclusion**

For the reasons set forth above, plaintiff's motion to preclude defendant's expert witness and motion for disclosure are denied. The Clerk of Court is respectfully requested to mail a copy of this Memorandum and Order to the *pro se* plaintiff.

**SO ORDERED**

Dated: Brooklyn, New York
September 22, 2023

s/ James R. Cho
James R. Cho
United States Magistrate Judge

4